UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CR-00021-GNS

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

JAMES S. WOLFE                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion *In Limine* (DN 27). This matter is now ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

### I.   BACKGROUND

#### A.   Statement of Facts

In 2011, Defendant James Wolfe ("Wolfe") was convicted in the United States District Court for the Northern District of West Virginia, 1:10-CR-00002-IMK-1, for possession of child pornography. (Def.'s Mot. *In Limine* 1-2, DN 27; Pl.'s Resp. Def.'s Mot. *In Limine* 2, DN 29). He was sentenced to 87 months imprisonment followed by 10 years of supervised release. (Def.'s Mot. *In Limine* 2). He was released from prison in November 2017, and he thereafter moved to Kentucky while under supervision. (Def.'s Mot. *In Limine* 2). As a condition of his supervised release, Wolfe was allowed to own a computer that was installed with monitoring software through Remotecom, a company that monitored Wolfe's computer activity on behalf of the U.S. Probation Office. (Def.'s Mot. *In Limine* 2; Pl.'s Resp. Def.'s Mot. *In Limine* 3). In 2018, this monitoring software allegedly detected prohibited activities that gave rise to the present case. (Def.'s Mot. *In Limine* 2). Wolfe's computer was then seized by his probation officer, the search of which revealed what the United States has classified as "search terms indicative of child sexual exploitation as well as shadow copies of images depicting the sexual exploitation of children." (Pl.'s Resp. Def.'s

1

Mot. *In Limine* 4). As a result, Judge Joseph H. McKinley, Jr. revoked Wolfe's supervised release in the Western District of Kentucky, 3:18-CR-00069-JHM. (Pl.'s Resp. Def.'s Mot. *In Limine* 4).

### B. Procedural History

On April 17, 2019, Wolfe was indicted for accessing with the intent to view child pornography and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Indictment 1-2, DN 1). On July 2, 2019, a Superseding Indictment charged Wolfe with attempted receipt of child pornography and accessing with the intent to view child pornography in violation of, respectively, 18 U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1) and 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Superseding Indictment 1-2, DN 13). On December 13, 2019, Wolfe moved *in limine* to exclude evidence relating to his previous crimes, specifically "his federal conviction out of the state of West Virginia, the revocation of his supervised relief by the District Court for the Western District of Kentucky and the fact that his personal computer was being monitored by the United States Probation Office as a condition of the supervised release." (Def.'s Mot. *In Limine* 1). The United States responded in opposition. (Pl.'s Resp. Def.'s Mot. *In Limine*). The matter is currently set for a jury trial beginning on January 14, 2020. (Orders, DN 24, 28).

### II. DISCUSSION

Wolfe argues that evidence and testimony relating to (1) his previous conviction for possession of child pornography, (2) the revocation of his supervised release, and (3) the monitoring of his computer activity by the probation office should all be excluded under Fed. R. Evid. 403 and 404(b).[1] (Def.'s Mot. *In Limine* 2-3). The United States argues that Wolfe's prior

---

[1] Wolfe also notes that the United States did not file formal notice under Fed. R. Evid. 404(b)(2). (Def.'s Mot. *In Limine* 1). Even so, Wolfe acknowledges that counsel for the United States advised

2

conviction should be admitted under Fed. R. Evid. 414 and information regarding the terms of his supervised release should be admitted as *res gestae* evidence. (Pl.'s Resp. Def.'s Mot. *In Limine*, 4, 12).

### A.     <u>Wolfe's Prior Conviction: Federal Rules of Evidence 404 and 414</u>

The lodestar guiding the rules of evidence is that all "[r]elevant evidence is admissible." Fed. R. Evid. 402. Relevance is then broadly defined to include any evidence if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. There are, of course, many exceptions to this broad determination regarding what evidence is admissible. One such exception is Fed. R. Evid. 404(b)(1)'s prohibition on using prior bad acts for propensity reasoning purposes; it provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Past bad act evidence may be used for another appropriate purpose, however, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Fed R. Evid. 414 provides one exception to Rule 404(b)'s ban on propensity evidence. *United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006). Rule 414(a) states: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." "Child molestation" is then broadly defined to include crimes prohibited under certain state and federal laws, relevant here "any conduct prohibited by 18 U.S.C. chapter

---

him of her intent to introduce evidence of past acts. (Def.'s Mot. *In Limine* 1). He therefore waived this objection at the final pretrial conference on December 17, 2019.

3

110." Fed. R. Evid. 414(d)(2)(B). "Rule 414(a) reflects congressional recognition that prior acts of sexual misconduct involving children, including possession of child pornography, are probative to show an offender's propensity for committing a similar charged offense." *United States v. Trepanier*, 576 F. App'x 531, 534 (6th Cir. 2014) (citing *Seymour*, 468 F.3d at 385).

The government argues that Wolfe's prior conviction for possession of child pornography is admissible under the clear language of Rule 414. (Pl.'s Resp. Def.'s Mot. *In Limine* 4). Wolfe has not contested that this previous act occurred, so it passes muster under the standard as forth in *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Then, to apply Rule 414 to the present criminal case, both the previous act and the current charge must be for "child molestation" as defined in Rule 414(d). First, Rule 414 clearly applies to Wolfe's current case because he is facing criminal charges for attempted receipt of child pornography and accessing with the intent to view child pornography in violation of, respectively, 18 U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1) and 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Superseding Indictment 1-2). These charges fall within the meaning of "child molestation" under Rule 414(d)(2) because 18 U.S.C. §2252A is a crime contained within 18 U.S.C. chapter 110. Second, Wolfe's previous conviction for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) similarly involved "child molestation" because it is also a crime within 18 U.S.C. chapter 10.

Even so, some courts have held that Rule 414 merely creates "a presumption—but not 'a blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct. *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004). As such, the United States must still show that the prior bad acts are *relevant* to the case at hand. *United States v. Labona*, No. 5:14-CR-114-KKC, 2015 WL 5461662, at *2 (E.D. Ky. Sept. 16, 2015), *aff'd*, 689 F. App'x 835 (6th Cir. 2017). The United States argues that Wolfe's past

4

conviction is relevant to show his "motive, knowledge, intent, preparation, plan, and absence of mistake or lack of accident regarding the attempted receipt of, and accessing with the intent to view child pornography." (Pl.'s Resp. Def.'s Mot. *In Limine*, 6). In other words, the United States contends Wolfe's past conviction for possession of child pornography will demonstrate his sexual interest in children and that he therefore *knowingly* committed the now accused acts. (Pl.'s Resp. Def.'s Mot. *In Limine*, 6). Wolfe's state of mind is certainly of consequence in the present action, and his former conviction for possession of child pornography does make it more probable that he knowingly accessed child pornography at the times relevant to this case. As such, his prior conviction for possession of child pornography is "relevant" as defined in Rule 401 and is thereby admissible under Rule 414. The Sixth Circuit has reached the same conclusion under similar facts:

> Hall's prior conviction and his nude photographs were relevant because they show that Hall intentionally pursued a sexual interest in children, thereby demonstrating his intent to knowingly receive child pornography. Hall's prior conviction for the sodomy and sexual abuse of a young boy also creates the logical inference that he has a sexual interest in children that is strong enough to cause him to break the law. Such a person is more likely to be interested in and to knowingly receive child pornography, rather than to receive the images accidently without the requisite knowledge or intent.

*United States v. Hall*, 202 F.3d 270, 2000 WL 32010, *3 (6th Cir. 2000) (per curiam). *See also United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) ("Rule 414 itself was a 'strong legislative judgment that evidence of prior sexual offenses' have probative value and 'should ordinarily be admissible.'" (citation omitted)); *Labona*, 2015 WL 5461662 at *2 (holding that evidence of a previous molestation "is relevant—and therefore admissible—simply because it tends to make the charge that Labona possessed and distributed child pornography more probable." (citation omitted)).

In sum, evidence of Wolfe's prior conviction in the United States District Court for the Northern District of West Virginia, 1:10-CR-00002-IMK-1, for possession of child pornography

5

is admissible under Fed. R. Evid. 414. This evidence "may be considered on *any matter* to which it is relevant," including to show Wolfe's knowledge and intent and even for propensity purposes. Fed. R. Evid. 414(a) (emphasis added).[2]

B. **Supervised Release and Computer Monitoring:** *Res Gestae* **Evidence**

Wolfe also opposes the introduction of any evidence concerning "the revocation of his supervised release by the District Court for the Western District of Kentucky and the fact that his personal computer was being monitored by the United States Probation Office as a condition of the supervised release." (Def.'s Mot. *In Limine* 1). The United States clarifies, however, that it only intends to offer evidence that Wolfe was *on* supervised release, not that his supervised release was *revoked*. (Pl.'s Resp. Def.'s Mot. *In Limine* 13, n. 1). Wolfe has not specifically objected to evidence of his supervised release being admissible at trial. Regardless, any such objection would be futile.

Wolfe has specifically objected, however, to evidence showing that his computer was being monitored by the probation office.[3] (Def.'s Mot. *In Limine* 1). The United States counters that evidence showing that Wolfe was on supervised release and that his computer was being monitored is admissible under the doctrine of *res gestae*, i.e. as background evidence. (Def.'s Mot. *In Limine* 12-13). Specifically, the United States says this "evidence is necessary to complete the story,

---

[2] Another member of this Court reached the same conclusion under nearly identical circumstances in an unpublished opinion in *United States v. Berry*, 3:17-CR-00044-DJH.

[3] It is unclear on what grounds Wolfe makes this objection. Evidence that his computer was being monitored by probation is certainly relevant to this case within the meaning of Rules 401 and 402 because the monitoring software detected the alleged activity that gave rise to this case. The fact that Wolfe was being monitored, however, is not a "character trait" or "crime, wrong, or other act" within the gambit of Rule 404. In other words, this evidence does not ask the jury to engage in propensity reasoning in the same way that evidence of Wolfe's past conviction certainly does.

namely to explain why a United States Probation Officer was monitoring Wolfe's online activity through the use of monitoring software." (Def.'s Mot. *In Limine* 13).

*Res gestae* has inherent limitations, such that these acts must be "inextricably intertwined with the charged offense or . . . necessary to complete the story of the charged offense. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citations omitted). This background evidence must have "a causal, temporal or spatial connection with the charged offense" and "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. (citation omitted).

Under the present facts, the background evidence proposed by the United States provides significant explanatory information without which the jury would be left with critical unanswered questions. Namely, the jury would otherwise be unaware why the probation office was still actively monitoring Wolfe's computer or how the prohibited activities were allegedly detected. Wolfe's supervised release and the monitoring of his computer activity are clearly "inextricably intertwined" with the present case because that is how the United States learned of alleged conduct giving rise to the present charges. Therefore, Wolfe's status on supervised release and that his computer was being monitored by the probation office both provide useful background information essential to a proper understanding of the facts. This evidence is admissible as *res gestae*.

C. **Balancing Test under Federal Rule of Evidence 403**

Finally, even though evidence of the prior conviction is relevant and admissible under Rule 414, this Court must still consider whether exclusion of Wolfe's past federal conviction is appropriate under the balancing test set forth in Fed. R. Evid. 403. *See Seymour*, 468 F.3d at 383-

7

84; Fed. R. Evid. 414(c) ("This rule does not limit the admission or consideration of evidence under any other rule."). Rule 403 allows the court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The application of Rule 403 to the facts is within the discretion of the district court, such that a reviewing court must "look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (quoting *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984)).

The Sixth Circuit has noted that a defendant seeking exclusion of past child molestation charges under Rule 403 faces "difficult hurdles:"

> First, the balancing contemplated in Fed. R. Evid. 403 is tilted firmly towards admission rather than exclusion. . . . Second, Fed. R. Evid. 414 authorizes the jury to consider previous child molestation evidence for propensity purposes, increasing the permissible probative weight of the evidence for Rule 403 balancing. . . . Third, the district court is granted broad discretion in making evidentiary rulings. . . Fourth, admission of other-acts evidence is subject to harmless-error analysis.

*United States v. Kniffley*, 729 F. App'x 406, 414 (6th Cir. 2018), cert. denied, 139 S. Ct. 224 (2018) (internal citations omitted). Other courts have adopted several factors to guide this analysis: (1) the similarity between the prior acts and the acts charged, (2) the proximity in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or absence of intervening circumstances, (5) the reliability of the evidence of the prior acts, and (6) the necessity of the evidence beyond the other evidence at trial. *See United States v. Hough*, No. CR 06-39-C, 2008 WL 11417074, at *5 (W.D. Ky. July 29, 2008) (citations omitted) (collecting case law from other circuits).

Wolfe references Fed. R. Evid. 403 in his motion *in limine*, but he provides no explanation why any potential prejudice would be *unfair* or how it would *substantially outweigh* the probative

value of this evidence. As such, he has not surmounted the "difficult hurdles" facing a defendant seeking Rule 403 exclusion when the evidence is otherwise admissible under Rule 414. Furthermore, the aforementioned factors weigh in favor of admitting the prior evidence. First, Wolfe was previously convicted for possessing child pornography and currently faces similar charges as set out in the Superseding Indictment for attempted receipt of child pornography and accessing with the intent to view child pornography. (Def.'s Mot. *In Limine* 2; Superseding Indictment 1-2). Second, it has been ten years since Wolfe's prior conviction for possession of child pornography. This time period, while lengthy at first glance, quickly diminishes considering Wolfe was released from custody for his previous crime in 2017 and allegedly committed the unlawful acts in 2018. (Def.'s Mot. *In Limine* 2; Superseding Indictment 1). In other words, only one year passed between Wolfe's release from custody and the present alleged criminal conduct. Third, the United States will offer evidence of Wolfe's past conviction, the reliability and veracity of which Wolfe has not challenged. Finally, while the United States presumably has strong evidence showing that Wolfe's computer contained the pornographic images, the prosecution still bears the burden to show he *knowingly* accessed and attempted to receive child pornography. (Pl.'s Resp. Def.'s Mot. *In Limine* 11-12). Evidence of Wolfe's prior conviction will be central to the United States' case to prove that Wolfe acted with the requisite *mens rea*. *See Labona*, 2015 WL 5461662 at *3 (noting that the United States may need past act evidence to rebut an anticipated defense that the defendant did not intentionally access child pornography).[4]

---

[4] Several of the established factors are inapplicable or difficult to apply to the current situation. The parties do not argue that there are any intervening circumstances to consider here. Next, given that Wolfe was incarcerated for much of the last decade, assessing the frequency of prior acts is not helpful.

Finally, this Court can reduce the risk of unfair prejudice by providing the jury with clear limiting instructions that, while Wolfe's previous crimes may be considered, the jury must still convict him only if they conclude that he committed the crimes now charged. *Kniffley*, 729 F. App'x at 415; *see also United States v. Wright*, 16 F.3d 1429, 1443 (6th Cir. 1994) (citation omitted) (noting that "there is a presumption that a jury follows the instructions presented."). As such, the probative value of the challenged evidence is not substantially outweighed by a risk of unfair prejudice or another danger.

The Rule 403 balancing test also applies to the evidence concerning Wolfe's supervised release and computer monitoring. Wolfe has not, however, demonstrated how this evidence is unfairly prejudicial or otherwise runs afoul of Rule 403. Since Wolfe's prior conviction is admissible, it is unclear what additional harm, if any, he would suffer by informing the jury about the terms of his supervised release following that conviction and imprisonment. Rather, it would be unsurprising that a previous conviction for possession of child pornography carried with it some form of continued monitoring post-release. Moreover, as previously noted, merely explaining the terms of Wolfe's release does not invite the jury to engage in propensity reasoning in the same way that evidence of Wolfe's prior conviction does. On the other side of the Rule 403 scale, this evidence is clearly probative in that it establishes central facts relevant to the charges against Wolfe. As such, the probative value of evidence concerning Wolfe's supervised release and the fact that his computer was being monitored is not substantially outweighed by a risk of unfair prejudice. This evidence is admissible under Rule 403.

### III. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion *In Limine* (DN 27) is **DENIED**.

Greg N. Stivers, Chief Judge

United States District Court

January 2, 2020

cc: counsel of record