UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CR-00021-GNS-1

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.

JAMES S. WOLFE                                                                       DEFENDANT

## **JURY INSTRUCTIONS**

**********************************

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.      GENERAL RULES CONCERNING JURY DUTY

1. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

2. Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This

1

includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

3. The lawyers may talk about the law during their closing arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

4. Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### A. Presumption of Innocence, Burden of Proof, Reasonable Doubt

1. As you know, the Defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crime he is accused of committing. It does not raise any suspicion of guilt.

2. Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

3. This presumption means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

4. The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt

is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

5. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

    **B.**   **<u>Evidence</u>**

1. You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

2. The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

3. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

4. Make your decision based only on the evidence, as I have defined it here, and nothing else.

5. During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

6. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it

3

deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

7. A jury is also allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

### C. Direct & Circumstantial Evidence

1. Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

2. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

3. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

4. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

1. Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

4

2. Let me suggest some things for you to consider in evaluating each witness's testimony:

    a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

    b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

    c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

    d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

    e) Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

    f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

3. These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with

5

other people. Then decide what testimony you believe and how much weight you think it deserves.

## II. RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Now, I will explain the elements of the crime that the Defendant is accused of committing.

**INSTRUCTION NO. 1: Attempted Receipt of Child Pornography**

Count 1 of the Superseding Indictment charges the Defendant with attempting to commit the crime of receipt of child pornography in violation of federal law. There are separate instructions for what it means to "attempt" and what it means to "receive child pornography."

### A. Attempt

1. Now I will give you instructions on what it means to "attempt." You must be convinced that the Government has proved both of the following elements beyond a reasonable doubt:

    a) First, that the Defendant intended to commit the crime of receipt child pornography; and

    b) Second, that the Defendant did some overt act that was a substantial step towards committing the crime of receipt of child pornography.

2. Merely preparing to commit a crime is not a substantial step. The Defendant's conduct must go beyond mere preparation and must strongly confirm that he intended to receive child pornography. But the Government does not have to prove that the Defendant did everything

except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

3. If you are convinced that the Government has proved both of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about either one of these elements, then you must find the Defendant not guilty.

   B. <u>**Receipt of Child Pornography**</u>

1. Now I will give you instructions on the crime of receipt of child pornography. There are three elements:

   a) First, that the Defendant knowingly received any material that contained child pornography;

   b) Second, that the Defendant knew that the material contained child pornography; and

   c) Third, that the material that contained child pornography was, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

2. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**INSTRUCTION NO. 2: Accessing with the Intent to View Child Pornography**

1. Count 2 of the Superseding Indictment charges the Defendant with accessing with the intent to view any material that contained child pornography. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

a) First, that the Defendant knowingly accessed with intent to view any material that contained an image of child pornography;

b) Second, that the Defendant knew that the material contained child pornography; and

c) Third, the image of child pornography was shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

2. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge

**INSTRUCTION NO. 3: Definitions Applicable to Both Counts**

1. Now, I will give you more detailed instructions on some of these terms. These definitions apply equally to both counts:

    a) The term "child pornography" means any visual depiction, including any photograph, film, video, picture, computer or computer-generated image or picture whether produced by electronic, mechanical, or other means of sexually explicit conduct where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

    b) A "minor" means any person under the age of eighteen years.

    c) The term "visual depiction" includes:

        i. data stored on computer disk or by electronic means which is capable of conversion into a visual image; and/or

        ii. data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

d) The term "sexually explicit conduct" means actual or simulated:

   i. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
   ii. bestiality;
   iii. masturbation;
   iv. sadistic or masochistic abuse;
   v. lascivious exhibition of the genitals or pubic area of a person. In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

e) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or

operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

    f) The term "means or facility of interstate commerce" includes the internet or the telephone.

    g) The term "affecting interstate or foreign commerce" means having at least a minimal effect upon interstate or foreign commerce.

## INSTRUCTION NO. 4: In/On or About

1. Next, I want to say a word about the dates mentioned in the indictment.
2. The indictment charges that: Counts 1 and 2 happened "[o]n or about and between May 17, 2018 and May 23, 2018 . . . ."
3. The government does not have to prove that the crimes happened on these exact dates. But the government must prove that the crimes happened reasonably close to these dates.

## INSTRUCTION NO. 5: Prior Conviction of Defendant

1. You have heard testimony that the Defendant was convicted of a crime other than the ones charged in the indictment.
2. If you find the Defendant did that crime, you can consider the evidence on any matter to which it is relevant. But remember that the Defendant is on trial here only for the crimes charged in the indictment, not the other acts. Do not return a guilty verdict unless the Government proves the crime charged in the indictment beyond a reasonable doubt.

## III. JURY DELIBERATIONS

1. That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

2. The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

3. Once you start deliberating, do not talk to the jury officer, to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

4. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

### A. Research, Investigation, and Outside Communications

1. Remember that you must make your decision based only on the evidence that you saw and heard here in court.

2. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, computer, social media, or the Internet to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or

electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

3. You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B. Unanimous Verdict

1. Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.
2. To find the Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.
3. To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.
4. Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### C. Duty to Deliberate

1. Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

2. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement only if you can do so honestly and in good conscience.

3. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

4. Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

### D. Punishment

1. If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

2. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

3. Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

### E. Return of Verdict Form

1. I have prepared a verdict form that you should use to record your verdict as to the crime charged. The form reads as follows:

    a. "We, the Jury, find Defendant James S. Wolfe:

    Guilty_____ Not Guilty _____."

2. If you decide that the government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### F. Court Has No Opinion

1. Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

### G. Juror Notes

1. Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

2. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.